UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE MURRAY,

    Plaintiff,

v.                                                    Case No. 09-10156

HSBC FINANCE CORPORATION,

    Defendant.
                                                     /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant HSBC Finance Corporation's ("HSBC's") motion to dismiss Plaintiff's First Amended Complaint, filed on July 17, 2009, and Plaintiff's motion to amend her First Amended Complaint, filed on August 20, 2009.  The parties have fully briefed both motions, and the court concludes that a hearing on the motion is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will deny Plaintiff's motion and grant the Defendant's motion.

**I.  BACKGROUND**

This case arises from Plaintiff Yvonne Murray's employment with HSBC, and the pension plan provided to her as compensation for that employment.  Plaintiff worked for HSBC's predecessor from February 11, 1977, until November 7, 2000, when she retired.  (Am. Compl. ¶¶ 6-8.)  Upon retirement, Plaintiff elected to receive her pension benefit, from what is now the HSBC-North America (US) Retirement Income Plan ("Plan"), as a lump sum.  (*Id.* ¶ 7; Def.'s Mot. at 1.)  Plaintiff alleges that, in 2001, HSBC approached Plaintiff about returning to work.  (Am. Compl. ¶ 8.)  Plaintiff alleges that "[a]t that time she made specific inquiries, and was specifically assured by management

at HSBC that if she returned to employment [with] HSBC she would later receive a full, enhanced monthly pension taking into account her prior years of employment." (*Id.*) Based on this understanding, Plaintiff returned to work with HSBC. (*Id.* ¶ 9.)

After her employment began, Plaintiff attempted to confirm that she would receive an enhanced pension benefit. (*Id.* ¶ 10.) Accordingly, around October 10, 2006, Plaintiff received a Pension Estimate Calculation Statement ("Pension Estimate") from HSBC. (*Id.* ¶ 11.) The Pension Estimate did not reflect the enhanced pension benefit she expected. (*Id.*) On November 19, 2007, Plaintiff submitted a claim under the Plan's review procedures for review by the HSBC North America Holdings Administrative Committee ("Committee") because of the allegedly incorrect Pension Estimate. (*Id.* ¶ 13; Def.'s Mot. at 2.) On April 14, 2008, the Committee sent Plaintiff a letter, denying her claim. (Am. Compl. ¶ 13.) Plaintiff appealed the Committee's decision on June 11, 2008. (*Id.*) On August 28, 2008, the Committee also denied Plaintiff's appeal. (*Id.*; Def.'s Mot. at 2.) Plaintiff filed this complaint on January 14, 2009, alleging breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Am. Compl. ¶ 14.)

## II. MOTION TO DISMISS

### A. Standard

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the

2

plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).

Though decidedly generous, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 550 U.S. 544). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based on its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## B.  Discussion

In its motion, HSBC argues that the court should dismiss Plaintiff's complaint because (1) Plaintiff has failed to state a claim with sufficient factual particularity, (2) Plaintiff has failed to state a claim because ERISA does not permit Plaintiff to recover the relief she seeks, and (3) the statute of limitations bars Plaintiff's claim. In response,

Plaintiff argues that (1) she has stated a breach of fiduciary duty claim as required by the Federal Rules of Civil Procedure, (2) courts have permitted similarly situated plaintiffs to recover damages under 29 U.S.C. § 1132(a)(3), and (3) the statute of limitations does not bar her claim.  Because Plaintiff cannot state a claim under § 1132(a)(3) for the relief she requests (HSBC's second argument), the court will not address the other issues raised in Defendant's motion.

Plaintiff's basic claim is simple: HSBC assured her that she was entitled to a pension that would be "enhanced," amounting to a double pension in view of the lump-sum distribution she had earlier received.  Plaintiff avers that the HSBC "representations . . . were false," (Am. Compl. ¶ 23.), i.e., that there was no "enhanced pension" in store for her.  Similarly, HSBC asserts that the terms of the plan did not include an "enhanced pension." (Def.'s Mot. Br. 5.)  Accordingly, the parties do not dispute that Plaintiff was not entitled to an "enhanced pension" under the terms of the Plan.  Plaintiff claims that she has an actionable claim based on a theory of a breach of fiduciary duty[1] under ERISA.  Since Plaintiff does not specify under which ERISA section she brings her claim, the court will analyze her complaint under ERISA's three civil enforcement

---

[1] Insofar as Plaintiff bases her breach of fiduciary duty on misrepresentations made before she returned to employment, she does not have a claim.  *See Thurman v. Pfizer*, 484 F.3d 855, 860 (6th Cir. 2007) ("for § 1132 to be applicable . . . a fiduciary relationship must have existed between the parties at the time the alleged misrepresentation was made" and no ERISA fiduciary duty exists between *prospective* employers and employees).  Although it is questionable whether the First Amended Complaint alleges misrepresentations made after Plaintiff returned to employment, the court will simply assume that some misrepresentations were made after Plaintiff was employed.  Plaintiff's proposed Second Amended Complaint avers that at least one misrepresentation was made after she returned to employment.  (Pl.'s Mot. to File Sec. Am. Compl. Br., Ex. 1 ¶ 19-20.)  Regardless of this factual assumption, the court finds that Plaintiff has failed to state a claim.

4

provisions. Because her claim is not actionable under any of the three, it is unnecessary to determine whether Plaintiff has pleaded facts sufficient to establish a breach of fiduciary duty.

### 1. § 1132(a)(1)(B)

Section 1132(a)(1)(B) authorizes civil suits "by a participant or beneficiary" related to benefits "under the terms of the plan." Plaintiff's argument, however, is that she is entitled to "enhanced benefits," not those due under the Plan's terms but those "due" under HSBC's parol representations. Since Plaintiff is not alleging benefits "due" under the terms of the plan, she cannot maintain a cause of action under § 1132(a)(1)(B).

### 2. § 1132(a)(2)

By authorizing civil suits to enforce 29 U.S.C. § 1109, § 1132(a)(2) authorizes claims for breaches of fiduciary duty—but only those claims brought for the benefit of the plan. § 1109. Individual participants or beneficiaries cannot recover under § 1132(a)(2). Plaintiff therefore has no claim under § 1132(a)(2).

### 3. § 1132(a)(3)

Section 1132(a)(3) authorizes civil actions brought

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). The Supreme Court has permitted individual plaintiffs to bring ERISA claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), the "catch-all" civil enforcement provision. *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). The provision "authorize[s] only 'those categories of relief that were *typically* available in

5

equity,' and thus reject[s] a claim that . . . [seeks] 'nothing other than compensatory damages.'" *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006) (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-56 (1993)).  Furthermore, a plaintiff must "establish that the basis for its claim is equitable."  *Sereboff*, 547 U.S. at 363 (citation omitted).  Accordingly, "ERISA does not permit an individual beneficiary, appropriately under § 1132(a)(3), to claim for himself money damages from plan fiduciaries."  *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 609 (6th Cir. 2007).  In *Crosby*, the Sixth Circuit explained:

> An action in which the plaintiff complains that the defendant owes him money and has refused to pay the debt is, of course, the locus classicus of an action at law; if we were to say that such an action qualifies as a suit in equity, we should be giving the words used by Congress in § [1132](a)(3) a meaning that *Great-West* [*Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)] and *Mertens* teach they will not bear.

*Crosby v. Bowater Inc. Retirement Plan for Salaried Employees of Great N. Paper, Inc.*, 382 F.3d 587, 589 (6th Cir. 2004).  "Equitable relief" refers to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  *Mertens*, 508 U.S. at 256; *cf. Great-West*, 534 U.S. at 210.  "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty."  *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting), *quoted with approval in Great-West*, 534 U.S. at 210. "And '[m]oney damages are, of course, the classic form of legal relief.'" *Id.*

6

*Ramsey v. Formica Corp.*, 398 F.3d 421, 425 (6th Cir. 2005) is directly on point with this case. In *Ramsey*, as in this case, plaintiffs brought "claims for breach of fiduciary duty and equitable relief under [ERISA]." 398 F.3d at 423. The *Ramsey* plaintiffs claimed that they decided to take early retirement based on defendants' misrepresentations of their potential pension benefits. *Id.* at 422-23. For between eight and seventeen years, the plaintiffs received the benefits as represented by defendants. *Id.* Defendants then realized that they were overpaying plaintiffs under the terms of the pension plan and moved to reduce plaintiffs' pension payments accordingly. *Id.* Plaintiffs brought a breach of fiduciary duty under § 1132(a)(3) and asked for a temporary restraining order enjoining defendants from reducing their benefits. *Id.* at 422. The *Ramsey* court held that the relief requested was not equitable, and not actionable under ERISA:

> plaintiffs [ask] the Court to direct Formica, or its pension plan, to pay monies, which are not owed, for an uncertain duration. As Formica argues, this is "the kind of dollar amount that doesn't lend itself to injunctive relief. It lends itself appropriately for claims of relief if you prevail." This form of relief is not authorized under the Act.

*Id.* at 425. The court sees no reason to distinguish *Ramsey* from this case. As here, the *Ramsey* plaintiffs were promised something not due under their plan. As here, the *Ramsey* plaintiffs asked for the difference between what they were promised and what they were due under the plan. And, as here, the remedy was legal, not equitable. According to Plaintiff, she is

> entitled to a share of the HSBC plan assets, that share being the difference between the values of the enhanced pension which she was promised versus the value of the pension which HSBC has calculated she is entitled to.

7

(Pl.'s Resp. Br. 8).  Plaintiff asks the court to award her the benefit of her alleged bargain and to take this monetary compensation from Defendant's general assets. Such an award is compensatory and none of Plaintiff's arguments "can transmogrify [her] claim for a money judgment into an essentially equitable claim."  See *Crosby*, 382 F.3d at 595.  Plaintiff's claim is not actionable under ERISA.

### III.  MOTION TO AMEND COMPLAINT

#### A. Standard

Federal Rule of Civil Procedure 15 governs whether a court should grant leave to amend the pleadings.  Rule 15 provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings,'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)), and "[t]he decision as to whether justice requires the amendment is committed to the district court's sound discretion," *Moore*, 790 F.2d at 559 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).  "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'"  *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).  Finally, and critical to the disposition of this case, a

proposed amendment is futile if it does not cure the original complaint's defects. *See Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

## B. Discussion

Plaintiff's suggested amended complaint makes several changes. First, Plaintiff adds more factual details concerning the alleged misrepresentations—she details when statements were made to her, by whom they were made, and the content of the statements. Plaintiff also changes the original, and sole count, in her First Amended Complaint. Count I of the proposed Second Amended Complaint is best described as two sub-claims against the original defendant, HSBC: (1) a claim under § 1132(a)(2), (Pl.'s Mot. to File Second Am. Compl. Br., Ex. 1 ¶ 49); and (2) a claim under § 1132(a)(3) based on theories of "equitable restitution," "equitable estoppel," "equitable lien by agreement," and "other equitable bases," (Pl.'s Mot. to File Second Am. Compl. Br., Ex. 1 ¶ 50-51). Plaintiff also adds Count II which is best viewed as a single claim against HSBC based on "the federal common law," including equitable estoppel. Finally, Plaintiff adds a third count, based on equitable estoppel, against two new defendants, HSBC North America Holdings, Inc., and HSBC North America (U.S.) Retirement Income Plan. The proposed Count III asks the court to "determine . . . that Defendants be equitably estopped from denying [Plaintiff] these benefits under that this Honorable Court grant [sic] Plaintiff relief under [§] 1132(a)(1)(B)." (Pl.'s Mot. to File Second Am. Compl. Br., Ex. 1 at 16.) The court interprets this count as an equitable estoppel claim against the two new defendants.

Count I of the proposed amended complaint suffers from the same defects as the single count in Plaintiff's First Amended Complaint. Count I's first subclaim, is not

actionable, because, as discussed above, § 1132(a)(2) authorizes only those suits that are brought on behalf of a plan. Count I's second subclaim, based on § 1132(a)(3), is also not actionable, as discussed above. Plaintiff is asking for a legal remedy, and simply listing various equitable remedies in the count does not change this. Plaintiff, for example, asks for "equitable restitution," but she pleads no facts identifying "specifically identifiable funds." *Cf. Sereboff*, 547 U.S. at 362. Instead, her claim is one for monetary damages taken out of HSBC's general assets.

Count II is based on the general federal common law. While the federal common law may be developed to fill the interstices of ERISA's statutory scheme, it cannot be used to create a cause of action that would fall under ERISA's scope but for Congress's intent to exclude it. *See Muse v. Int. Bus. Machs. Corp.*, 103 F.3d 490, 495 (6th Cir. 1996). So while the federal courts may develop a theory of equitable estoppel controlling whether a defendant could exercise a particular right under an ERISA welfare plan, the courts cannot create causes of action out of whole cloth. *Compare Armistead v. Vernitron Corp.*, 944 F.2d 1287 (6th Cir.1991) (employer estopped from exercising unilateral right to terminate benefits), *with Muse*, 103 F.3d at 495 (defective ERISA breach of fiduciary duty claim was not saved by relabeling as a federal common law claim). Plaintiff's Count II, based vaguely on the federal common law, fails to state a claim.

Plaintiff's proposed Counts I, II, and III all raise equitable estoppel in one form or another. Count I raises equitable estoppel within the context of a breach of fiduciary duty claim under § 1132(a)(3). Count II avers that equitable estoppel justifies relief under the federal common law. And Count III raises equitable estoppel within the

10

context of a denial of benefits claim under § 1132(a)(1)(B).[2]  Plaintiff's reliance on equitable estoppel is misplaced for two reasons.  First, the Sixth Circuit has reasoned that equitable estoppel is inappropriate in cases where its application would "increase the membership of the beneficiary class or expand the benefits payable [out of] funded pension benefit plans."  *Bond v. Gen. Motors Acceptance Corp.*, No. 96-3945, 1998 WL 58256, at *3 (6th Cir. Feb. 5, 1998); *see also Thomas v. Miller*, 489 F.3d 293, 297 (6th Cir. 2007) (dicta stating that equitable estoppel may apply in welfare-plan cases but not pension-plan cases).  It is uncontested that Plaintiff's claim involves an ERISA pension plan, and, further, Plaintiff is requesting expanded—"enhanced"—benefits pursuant to Defendant's parol representations.  Permitting modifications such as this threatens the security of pension plans, because such modifications subject a plan's fund to unforseen and undocumented changes.  Such a result would undermine Congress's goals in enacting ERISA.  *Armistead*, 944 F.2d at 1299.  Simply put, equitable estoppel does not apply in ERISA pension plan cases.  Second, equitable estoppel cannot be applied to vary the terms of an unambiguous plan.  *Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 431 (6th Cir. 2007); *see also Bond*, 1998 WL 58256 at *4.  Here, there is no allegation that the Plan's terms were ambiguous.  Plaintiff's appeal to equitable estoppel is therefore inappropriate.

Plaintiff's proposed Second Amended Complaint does not change the Plaintiff's request for the benefit of her bargain: she alleges to have been promised "enhanced

---

[2]  The question of whether an equitable estoppel claim rests more easily within a § 1132(a)(3) claim or a § 1132(a)(1)(B) claim is a matter of some complexity.  *See Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 841-42 (6th Cir. 2007).  The court "need not wade too deeply into this morass," however, because the application of equitable estoppel is not appropriate in this case.  *See id.*

benefits" over and above those due her under the Plan, and she asks for what she was promised. Repackaging such a claim under a theory of equitable estoppel, by appealing to the federal common law, or by making a vague and nonspecific claim to "other equitable bases" does not transform her claim into one that is actionable under ERISA. Since the Second Amended Complaint suffers from the same defects as her original complaint, allowing amendment is futile, and Plaintiff's motion to amend will be denied.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion to File Second Amended Complaint" [Dkt. # 19] is DENIED. IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P 12(b)(6)" [Dkt. # 15] is GRANTED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 8, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522